W. A. HELLER, Appellee, v. EDWARD MATHERS, Appellant.

ANIMALS: Keepers of Stock—Release of Lien—Failure to Give Bond. An owner of stock is under no obligation to tender to the keeper of stock for hire a bond in triple the amount of the lien (Section 3137, Code, 1897), when the amount claimed as a lien by the keeper of the stock is confessedly unreasonable.

*Appeal from Woodbury District Court.*—J. W. ANDERSON, Judge.

JULY 2, 1919.

THE statement of the case appears in the body of the opinion.—*Affirmed.*

*Alfred Pizey* and *T. F. Griffin,* for appellant.

*P. W. Harding,* for appellee.

SALINGER, J.—I. Section 3137 of the Code of 1897 provides that those who keep stock for hire shall have a lien on any stock coming into their hands, for their charges and for the expense of keeping same, and that the claimant of the property "may release the lien by tendering the party in possession a bond, in a penal sum of three times the amount for which the lien is claimed."

In the case at bar, the owner was unwilling to pay the

charges made. He did not tender the bond aforesaid, but instituted replevin. Demurrer to the petition asserts that there is no right to maintain the replevin suit, because, by reason of said statute, there is no right to release the possessory lien of the defendant, unless the bond aforesaid be first given or tendered. This appeal is from the overruling of this demurrer.

The appellant argues that Section 3137 was enacted subsequent to the enactment of the replevin statutes; that the bond required in replevin might not give the keeper adequate relief, even though he prevailed in the replevin suit instituted by the owner, and because, conceivably, the replevin bond, being required but to be equal to twice the value of the property sought to be taken, might not be as large as three times the amount for which the lien was claimed. His deductions are that, therefore, Section 3137 was enacted because it was doubtful whether the controversy over charges could be litigated in replevin; that, whether this be so or not, a specific provision, enacted after the replevin statutes were, which substitutes a procedure and a bond, the first more effective and the last more protective, must be held to be a legislative mandate that replevin will not lie in such a case as this without the giving or tendering of the bond required by Section 3137. It must be conceded there is much force in this position, and said that we are disagreed upon whether it is tenable or not. But we are all agreed that there was no error in overruling the demurrer. In it, the appellant concedes that he had contracted to keep the property for a charge justly amounting to $100, and that the appellant wrongfully demanded the payment of $220, which was an excessive sum, to which, under his contract, he was not entitled. We are of opinion the legislature did not intend that the owner should be unable to obtain his property unless he gave a bond in three times the amount of charges confessedly exorbitant. If the true

interpretation of the statute is that, the keeper could defeat replevin by the simple expedient of charging a million dollars for keeping the stock, and thereby necessitate a bond for three million dollars, although he confessed that not more than $100 was due him. The judgment and order below must be, and are,—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.